UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLARENCE R. OWEN,**

    **Plaintiff**

v.                              **CASE NO. 8-04-CV-1941-T-EAJ**

**JO ANNE B. BARNHART,
Commissioner of
Social Security,**

    **Defendant**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") finding Plaintiff's disability had ceased.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 7).

evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

On April 26, 1991, the Commissioner found Plaintiff was disabled and awarded period of disability and Disability Insurance Benefits due to Plaintiff's severe impairments of hypertension, peptic ulcer disease, obesity, herniated lumbar discs, status post multiple laminectomies and discectomies with spinal fusion, chronic low back pain syndrome with severe leg pain, and bilateral carpal tunnel syndrome, as well as affective disorder, somatoform disorder, and personality disorder. (T 10-11)  In the April 26,

2

1991 decision granting benefits, the Commissioner credited Plaintiff's subjective allegations of debilitating pain and, accordingly, determined that Plaintiff was not capable of even sedentary work. (T 11)

Thereafter, on April 11, 2000, the Social Security Administration found that, after a continuing review, Plaintiff had exhibited medical improvement and was no longer disabled. (T 47-48) Plaintiff requested that the Commissioner reconsider his case (T 50), and Plaintiff again was found to be no longer disabled. (T 61-70)

A hearing was held before the ALJ on March 20, 2002. (T 206-230)[2] On August 23, 2002, the ALJ found that Plaintiff exhibited medical improvement and was no longer disabled. (T 26-32)

When, as in this case, an individual has previously been found to be disabled, the Commissioner must determine if there has been medical improvement of Plaintiff's impairments and, if so, whether the improvement is related to Plaintiff's ability to work. 20 C.F.R. § 404.1594(a). The medical improvement standard is outlined in the regulations as follows:

    1) Is the individual engaging is substantial gainful

---

[2] Plaintiff originally appeared for a hearing on January 25, 2002; however, Plaintiff stated that he was not ready to proceed, as he had yet to obtain legal representation. (T 200-205) The ALJ agreed to continue the hearing so that Plaintiff could hire a legal representative. (T 203) It is noted, however, that Plaintiff did not appear at the March 20, 2002 hearing with an attorney.

       activity?

2) Does the individual have an impairment which meets or equals the severity of an impairment listed in Appendix 1 [of the regulations]?

3) Has there been medical improvement?

4) If so, is it related to the ability to work?

5) If there has been no medical improvement, do any exceptions to the medical improvement standard exist?

6) If there has been medical improvement related to the ability to work or if one of the first group of exceptions to medical improvement applies, does the individual have a severe impairment or combination of impairments?

7) Can the individual do past relevant work?

8) Can the individual do any other work?

20 C.F.R. § 404.1594(f).

In the instant case, the ALJ determined that Plaintiff has not engaged in substantial gainful activity at anytime since the onset of his disability. (T 31) The ALJ found that Plaintiff's "chronic back pain, bilateral carpal tunnel syndrome, and episodic chest pain" are current severe impairments but that Plaintiff has no impairment which meets or equals in severity any listed impairment. (Id.) The ALJ also found that since April 26, 1991, the comparison point date Plaintiff has exhibited medical improvement related to the ability to work. (Id.) Further, the ALJ determined that Plaintiff's testimony did not support a finding of continued disability. (Id.) The ALJ determined that Plaintiff has the residual functional

4

capacity ("RFC") to perform the physical demands of a limited range of light work.[3]  (T 32)

Thus, the ALJ determined that Plaintiff is not able to perform his past relevant work as a truck driver, tree nursery worker, and landscape laborer. (T 30, 32) The ALJ noted that Plaintiff's education is limited, that Plaintiff is closely approaching advanced age, and that Plaintiff has no transferable skills. (T 32) Using the Medical Vocational Guidelines, Rule 202.10 as a framework, the ALJ determined that there are a significant number of jobs in the national economy that the claimant can perform. (Id.) Specifically, the ALJ determined that Plaintiff could perform the jobs of cashier, arcade attendant, and merchandise marker. (Id.) Therefore, the ALJ decided that Plaintiff's disability "ceased in April 2000 and terminated on June 30, 2000." (Id.)

On July 16, 2004, the Appeals Council denied Plaintiff's request for review.  (T 2)  Accordingly, the Appeals Council allowed the ALJ's decision to stand.

Plaintiff argues that the Commissioner erred by (1) finding

---

[3] The ALJ imposed the following limitations on Plaintiff's ability to perform light work: "[H]e is to have the option to sit or stand as needed; he is to avoid all climbing of ropes, ladders, and scaffolds, as well as all concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc., and extremes of cold and vibration; he is to engage in no more than occasional balancing, stooping, kneeling, crouching, crawling or climbing of stairs and ramps; and his work environment must permit the use of wrist and back braces and a cane for walking." (T 32)

medical improvement; (2) failing to consider the combined effect of all of Plaintiff's impairments and subjective symptoms; and (3) failing to consider Plaintiff's wife's testimony (Dkt. 15 at 13-16).

For the reasons set forth below, the decision of the Commissioner ceasing Plaintiff's disability benefits shall be reversed and remanded for further proceedings consistent with this order.

Most of the medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.** Plaintiff argues that the ALJ failed to sufficiently review the basis of the 1991 decision granting benefits and to make a comparison between the medical evidence upon which the 1991 decision was based and current medical evidence.

The Social Security Act provides that an individual who has been awarded disability benefits may be determined to be no longer entitled to benefits only upon a finding that there has been a medical improvement in the individual's impairment and that the individual is able to engage in substantial gainful activity. 42 U.S.C. 423(f)(1). Under the regulation, medical improvement is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled . . . " 20 C.F. R.

404.1594(b)(1). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s) . . . " Id. However, as determined by the Eleventh Circuit in Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982), benefits cannot be terminated unless there is evidence of improvement to the extent that the plaintiff's disability has ceased.

The point of comparison for determining if there has been improvement is "the time of the most recent favorable decision" under 20 C.F.R. § 404.1594(a)(7). Federal law requires a comparison of the prior and current medical evidence. Id.

Evidence of improvement is necessary to support a termination of benefits. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984) ("After a final determination of disability, if a termination of benefits were effected without a showing of either improvement or newly-discovered evidence, such termination would necessarily be based on whim or caprice or would constitute an impermissible relitigation of facts and determination already finally decided.") (Citation omitted). Further, the ALJ must evaluate the prior medical evidence of disability. Williams v. Apfel, 73 F. Supp. 2d 1325, 1337 (M.D. Fla. 1999) citing Vaughn, 727 F.2d at 1043. Without a comparison to the current condition, no adequate finding of improvement can be rendered. Id. Merely referring to the current evidence without performing a comparison is insufficient. McAulay

7

v. Heckler, 749 F.2d 1500, 1501 (11th Cir. 1985).

Plaintiff's argument has merit.  The ALJ's decision neglects to provide a sufficient comparison of the medical evidence which established Plaintiff's disability in 1991 and new medical evidence which purportedly demonstrates Plaintiff's medical improvement. Although the ALJ found that "the medical evidence establishes that there has been improvement in the claimant's medical condition since April 26, 1991..." which relate to claimant's ability to work (T 31, Findings No. 3, 4), Plaintiff correctly points out that the ALJ's decision omits any discussion of the prior medical evidence which led to the disability determination and a comparison of that evidence with the more recent evidence.  Rather, only medical evidence spanning the time period 1996 through February 2002 is referenced in the decision.  (T 28-20)

It is abundantly clear that the ALJ failed to comply with the legal standard in a cessation of disability benefits case.[4] Therefore, this court is unable to determine whether there is substantial evidence supporting the finding that Plaintiff's medical

---

[4] The Government's argument on this issue, that the ALJ's decision "reflects that he was aware of the prior decision and its findings" (Dkt. 18 at 10) is not persuasive.  It is obvious that the ALJ would be aware of a prior favorable decision in a cessation of benefits case.  "Awareness" is not the standard in cessation of benefits cases.  As discussed supra, the ALJ was required to provide a comparison of prior evidence and recent evidence to establish improvement.  Discussion of only the current medical evidence cannot, logically or legally, demonstrate medical improvement.

condition has improved to the point that he is able to engage in substantial, gainful activity. Accordingly, a remand is warranted. On remand, the ALJ shall employ the proper analysis by discussing the evidence which established Plaintiff's disability in 1991 and comparing it with the recent medical evidence.

**B.** Plaintiff also submits that the Commissioner did not consider the combined effect of all his impairments, both severe and non-severe, as required by Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) and other cases. Plaintiff also argues that the ALJ "ignores" Plaintiff's Chronic Obstructive Pulmonary Disease ("COPD") (Dkt. 15 at 16).

Plaintiff's argument concerning COPD is without merit. The ALJ discussed recent medical evidence concerning COPD: "the claimant's chest X-rays in February 1996 and October 1997 showed no active disease. Films taken in April 1999, however, showed new opacities representing either focal air space disease or pulmonary nodules." (T 14) The ALJ noted that progress notes from "various physicians at Diagnostic Center"[5] revealed that Plaintiff's COPD was "stable." (T 14)[6]  The ALJ also discussed the January 31, 2000 consultative

---

[5] Though the ALJ discusses the reports of physicians affiliated with the "Diagnostic Center," the record shows that name of the facility is the "Diagnostic Clinic."

[6] The ALJ's finding on this issue is supported by the record. On January 30, 1997, Arthur P. Copek, M.D. ("Dr. Copek") found that Plaintiff "look[ed] well" and that Plaintiff's "chest [was] clear with good air exchange." (T 115) Thereafter, on October 9, 1997, Dr. Copek reported: "COPD.  The patient is occasionally symptomatic.  In view of the relatively low tehophylline level, I

examination report of R. Krishna Moorthy, M.D. ("Dr. Moorthy"). (T 15-152A) The ALJ summarized the report, stating, among other things, that Plaintiff's "chest was clear and breath sounds were normal." (T 14). As Dr. Moorthy opined, <u>inter alia</u>, "There are no clinical signs of significant respiratory impairment such as increased AP diameter of the chest of use of accessory muscles for respiration, cyanosis or clubbing. He has dyspnea on moderate exertion." (T 152)

Accordingly, the ALJ did not ignore the medical evidence concerning COPD, and Plaintiff's argument on this issue lacks merit.

Addressing Plaintiff's blanket argument that the ALJ failed to consider the combined effect of all his impairments, both severe and non-severe, as required by <u>Hudson</u>, 755 F.2d at 785 and other cases, it is clear that the ALJ did, in fact, consider all of Plaintiff's impairments in full combination. The ALJ considered the combined effect of plaintiff's impairments, as evidenced by his written decision. The ALJ stated, "The undersigned must next consider whether the claimant has a severe impairment **or combination of impairments**." (T 28)(emphasis added). Similar language has been

---

authorized him to use his Theo-Dur more often." (T 113) However, on December 13, 1999, Paula Boyle, M.D. noted, "In terms of his chronic obstructive pulmonary disease, I have given him an Atrovent MDI to take 2 puffs q.i.d., and I would like to get a chest x-ray today. He says that he has frequent episodes of coughing spells, sometimes productive of black sputum." (T 100) The December 13, 1999 X-Ray of Plaintiff's chest and ribs did not evidence disease. (T 144) The report of the X-ray noted: "Cardiovascular structures are unremarkable for age. No evidence of failure or effusion. Lungs are well expanded and free of active infiltration. No active plural or osseous pathology is seen. Conclusion: No active disease. No significant change . . ." (<u>Id.</u>)

held sufficient to discharge the Commissioner's obligation to consider impairments in combination. <u>Wheeler v. Heckler</u>, 784 F.2d 1073, 1076 (11th Cir. 1986).

Accordingly, Plaintiff's argument that the ALJ failed to consider his impairments in combination, as well as Plaintiff's argument that the ALJ ignored symptoms of COPD, are without merit.

**C.** Plaintiff also contends that the ALJ improperly disregarded the testimony of his wife. It is incumbent on the ALJ to make credibility findings as to claimant's testimony and any lay witnesses who testify for him. <u>See generally</u> <u>Ryan v. Heckler</u>, 762 F.2d 939, 942 (11th Cir. 1985). Further, where there is credible evidence on both sides of an issue, it is for the Secretary, not the court, to weigh the evidence and determine the case accordingly. <u>Powers v. Heckler</u>, 738 F.2d 1151, 1152 (11th Cir. 1984). However, the lack of an explicit credibility finding is a ground for remand when credibility is critical to the outcome of the case. <u>Smallwood v. Schweiker</u>, 681 F.2d 1349, 1352 (11th Cir. 1982).

Plaintiff correctly cites <u>Lucas v. Sullivan</u>, 918 F.2d 1567, 1574 (11th Cir. 1990) and <u>Tieniber v. Heckler</u>, 720 F.2d 1251, 1254-1255 (11th Cir. 1983) for the proposition that an ALJ's failure to consider the testimony of a witness is legal error.

In this case, however, Plaintiff's wife did not provide testimony at the March 20, 2002 administrative hearing. (T 206-230) Neither Plaintiff nor Defendant cite to a particular transcript page

on which Plaintiff's wife's testimony may be found.

Plaintiff's argument that a remand is warranted due to the ALJ's failure to consider Plaintiff's wife's testimony, therefore, is without merit. If Plaintiff's wife were to have offered testimony during the March 20, 2002 hearing, Plaintiff's argument would be worthy of further consideration. Accordingly, Plaintiff's argument is without merit on this issue.

## CONCLUSION

While concluding that remand for further fact-finding is necessary due to errors of law at the administrative level, this court expresses no views as to what the outcome of the proceedings should be. At the reopened hearing, each party should have the opportunity to submit additional evidence on the issues remaining for determination.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) the decision of the Commissioner ceasing benefits be **REVERSED**; and this case be **REMANDED** for further administrative proceedings consistent with the foregoing discussion; and

(2) the Clerk of Court enter final judgment pursuant to 42 U.S.C. § 405(g) and direct this case be closed as this is a "sentence four remand." See Shalala v. Schaefer, 509 U.S. 292, 302-303

(1993); <u>Newsome v. Shalala</u>, 8 F.3d 775, 779-780 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida on this 29th day of August, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge